UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL BRITO MORALES (A-222-629-599),<br>Petitioner,<br>v.<br>CALIFORNIA CITY WARDEN,<br>Respondent. | No. 1:26-cv-8119 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Juan Manuel Brito Morales (A-222-629-599), a native and citizen of Guatemala, who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States in 2023, without inspection. On August 30, 2026, petitioner was arrested and detained and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

///

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a 24-year-old citizen and native of Guatemala. (ECF No. 7-1 at 1.) In 2023, petitioner entered the United States without inspection. (ECF No. 1 at 6, 7.) On August 30, 2026, petitioner was on his way to work and was arrested by police and detained by Immigration and Customs Enforcement ("ICE"). (Id. at 4, 6.) Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 7-1 at 4.) In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.) Respondent does not argue that petitioner has a criminal history. (ECF No. 7.)

Petitioner has been in continuous detention since August 30, 2026. (ECF No. 1 at 4, 6.) Respondent does not contest petitioner's factual allegations. (See ECF No. 7.)

## II. PROCEDURAL BACKGROUND

On October 2, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On October 20, 2026, respondent timely filed an answer (reply) to the petition. (ECF No. 7.) On October 21, 2026, respondent filed a status report.[4] (ECF No. 8.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[4] In this status report, respondent states that petitioner informed DHS that he did not request immigration judge review of DHS' custody determination, and that "DHS currently lacks a mechanism to force noncitizens to receive bond hearings." (ECF No. 8 at 1.) Respondent also provided a copy of the October 12, 2026 Notice of Custody Redetermination form. (ECF No. 8-1 at 1.) In the petition before this court, petitioner requests immediate release or, alternatively, the bond hearing to which he was entitled at the time of his initial detention in August 2026, which he has not received. (See ECF No. 1.) Respondent's status report does not change the relief sought by petitioner in his habeas petition.

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following:[5] (1) unlawful arrest in violation of the Fourth Amendment; and (2) the Fifth Amendment procedural due process clause. (ECF No. 1 at 6.) In the response to the petition, respondent appears to have construed the petition to raise a statutory claim under the INA and makes a passing reference to exhaustion of administrative remedies. (ECF No. 7 at 1-2.) Respondent does not argue that petitioner is a flight risk or a danger to the community but maintains that petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), apparently based on an argument that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond

[5] Petitioner includes a third claim, alleging that detention conditions mirror those in prison. (ECF No. 1 at 6.) However, allegations concerning conditions of confinement are not cognizable in habeas cases but must be pursued in civil rights actions under 42 U.S.C. § 1983. Petitioner also includes a fourth claim, alleging he was not in removal proceedings prior to his arrest. (Id. at 7.) However, this factual allegation does not constitute a stand-alone habeas claim. Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court does not construe petitioner's third and fourth claims as habeas claims. The Court observes that respondent also did not address petitioner's third and fourth claims, therefore is not prejudiced by the Court's construction.

hearing. (ECF No. 7 at 1.) Respondent also does not contend that petitioner has a criminal history. (See ECF No. 7.)

In the last sentence of the reply to the petition, respondent states the Court "should deny the petition for lack of exhaustion or, alternatively, limit relief to the bond hearing the statute already affords." (ECF No. 7 at 1.) Respondent cites no legal authority for this passing reference to exhaustion. (Id.) Thus, this Court will not further address this unsupported and passing reference to exhaustion. The Court turns to the primary issue raised.

Respondent acknowledges that Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) holds that § 1226(a) governs petitioner's detention. (ECF No. 7 at 1.) The Court interprets respondent's acknowledgment to refer to the large volume of cases in which this district court has repeatedly rejected respondent's new interpretation[6] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the INA and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals']

[6] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner remains subject to § 1225(b)(2)(A) fails. The Court recommends granting the petition on statutory grounds, pursuant to Rodriguez Vazquez and based on respondent's acknowledgment, and ordering petitioner's immediate release.

## V. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner also raises due process and Fourth Amendment claims (claims one and two). (ECF No. 1 at 5.) Because the Court recommends granting the petition on statutory grounds, the Court need not address any additional claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on statutory grounds.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105

F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

**VII. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release petitioner Juan Manuel Brito Morales (A-222-629-599) and be ordered to provide petitioner with a copy of these findings and recommendations and the release order at or near the time of release. If respondent has custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mora8119.157.2241.imm.RELEASE